**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DENNIS HOGUE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 CV 50151 |
| | ) | |
| v. | ) | Honorable Judge John Robert Blakey |
| | ) | Honorable Magistrate Judge Lisa A. Jensen |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VARGA'S MOTION TO DISMISS PLAINTIFF'S**
**SECOND AMENDED COMPLAINT PURSUANT TO**
**FED. R. CIV. P. 12(b)(6) AND INCORPORATED MEMORANDUM**

Defendant John Varga ("Defendant" or "Varga"), by and through his attorney, Kwame Raoul, Attorney General for the State of Illinois, moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's Second Amended Complaint. In support thereof, Defendant states as follows:

**<u>INTRODUCTION</u>**

On February 25, 2020, Plaintiff Dennis Hogue ("Plaintiff"), who was formerly incarcerated within the Illinois Department of Corrections ("IDOC") at Dixon Correctional Center ("Dixon") filed his Second Amended Complaint in this matter (the "Complaint"). (Dkt. No. 39.) Plaintiff alleges that he is legally blind, but that Defendants, including Varga, acted with deliberate indifference to his serious medical condition with regard to Plaintiff's housing. (*Id.*) First, Plaintiff alleges that, while he was incarcerated at Dixon, he was housed in Unit 44, which Plaintiff alleges required him to walk outside for meals and church services. (*Id.* at 21-33.) Thereafter, Plaintiff alleges that he was housed in Unit 66, which Plaintiff alleges required him

1

to walk up and down stairs to get to and from his cell. (*Id.* at 34-46.) Plaintiff alleges that, on February 1, 2019, Plaintiff fell while walking down the stairs in Unit 66 and lost consciousness. (*Id.* at ¶ 39.) Ultimately, Plaintiff alleges that he was transferred to Unit 38, "in which he was housed on a flat floor with his own room" and "had his meals delivered to his unit." (*Id.* at 47.)

Plaintiff brings Counts I and II of his Complaint against Defendant Varga, the former warden of Dixon, under 42 U.S.C. § 1983 for the alleged violation of Plaintiff's constitutional rights. Plaintiff's brings his claims against Varga both individually and in his official capacity as warden. For the reasons set forth herein, Plaintiff has failed to state a claim against Varga in either capacity, and all claims against Varga should be dismissed.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) rests on whether the plaintiff has properly stated a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. The pleading is not required to set forth detailed factual allegations, but it does require something more than basic, conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The law demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. In particular, the pleading must contain allegations that "state a claim to relief that is plausible on its face." *Id.* (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible when "the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## ARGUMENT

I. **Plaintiff's claims against Defendant Varga in his official capacity should be dismissed because Plaintiff can seek neither monetary nor injunctive relief from the warden of Dixon in his official capacity.**

To the extent that Plaintiff has brought his claims against Varga in his official capacity, the Eleventh Amendment bars all claims for monetary damages. If a state has not consented to be sued, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984).[1] Accordingly, "an unconsenting State is immune from suits brought in federal courts by their own citizens as well as citizens of another State." *Employees of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri*, 411 U.S. 279, 280 (1973). Courts have consistently reaffirmed the Eleventh Amendment bar to federal jurisdiction over a state and state agencies. *See, e.g.*, *Kroll v. Bd. of Trustees of Univ. of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991); *Billman v. Indiana Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992).

Specifically, suits for monetary damages are barred against IDOC, as it is an agency of the State of Illinois. *See Trotter v. Klincar*, 748 F.2d 1177, 1181 (7th Cir. 1984), *see also Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986). Even in cases brought under 42 U.S.C. § 1983 raising constitutional claims, the Eleventh Amendment bar remains. *See Quern v. Jordan*, 440 U.S. 332 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985).

Official capacity suits are, in fact, actions against the government entity of which the official is a part, not against any individual. *Zambrano v. Reinert*, 291 F.3d 964, 976 (7th Cir. 2002); *Sandville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001) (citing *Wolf-Lillie v.*

---

[1] The only exception is if Congress has chosen to override the Eleventh Amendment by legislating pursuant to its power under section 5 of the Fourteenth Amendment. *See Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). However, this exception does not exist in the present case.

*Sonquist*, 699 F.2d 864, 870 (7th Cir. 1983)). Section 1983 "does not authorize suits against states." *Sandville*, 266 F.3d at 733 (citing *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000)). Therefore, "State officers in their official capacities, like States themselves, are not amenable to suit for damages under Section 1983." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Zambrano*, 291 F.3d at 976; *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (recognizing that an inmate in a state correctional facility is barred from seeking monetary damages from sergeant and prison official sued in their official capacity).

Here, Plaintiff brings claims against Varga in his official capacity as Warden of Dixon. In so doing, Plaintiff effectively brings his claims against the State of Illinois. Therefore, the Eleventh Amendment bars all claims for monetary damages against Varga in his official capacity, and such claims may be brought for injunctive relief only.

Further, Plaintiff was released from IDOC custody on parole on October 10, 2019. (Dkt. No. 36 at ¶ 9.). Because Plaintiff is no longer incarcerated at Dixon, and because there is no indication by Plaintiff that he is likely to be transferred back to Dixon, Plaintiff no longer has standing to seek injunctive relief from Dixon or IDOC. As such, Plaintiff's claims against the Warden of Dixon for injunctive relief are moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred"); *West v. Walker*, No. 06 C 4350, 2007 WL 2608789, at *3 (N.D. Ill. Sept. 4, 2007) (Zagel, J.).

Accordingly, Plaintiff can seek neither monetary nor injunctive relief from the warden of Dixon in his official capacity. Plaintiff's claims against the warden of Dixon in his official capacity fail as a matter of law and should be dismissed, with prejudice.

II.     **Plaintiff's claims against Defendant Varga in his individual capacity should be dismissed because Plaintiff fails to allege that Varga acted with the requisite degree of personal involvement to state a claim under 42 U.S.C. § 1983.**

Additionally, Plaintiff's claims against Defendant Varga in his individual capacity should be dismissed because Plaintiff fails to allege that Varga acted with the requisite degree of personal involvement or with the requisite state of mind to state a claim for deliberate indifference under 42 U.S.C. § 1983. Liability under Section 1983 requires a defendant's direct, personal involvement in the situation that causes injury to an inmate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under Section 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005); *see, e.g., Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, at *10 (N.D. Ill. May 14, 2003). The Seventh Circuit has recognized that Section 1983 liability arises *only* from direct and individual wrongdoing. *See Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). Specifically, with regard to whether a prison official acted with "deliberate indifference" to an inmate's serious medical needs, the Seventh Circuit has recognized that "[d]eliberate indifference requires that a defendant actually know about yet disregard a substantial risk of harm to an inmate's health or safety." *Rasho v. Elyea*, 856 F.3d 469 (7th Cir. 2017). This standard demands "more than negligence and it approaches intentional wrongdoing." *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012). Indeed, the United States Supreme Court "has compared the deliberate indifference standard to that of criminal recklessness." *Id*.

To succeed on a claim under Section 1983, a plaintiff must establish that a defendant is personally responsible for the plaintiff's claimed deprivation of a constitutional right. *See*

5

*Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). "In essence, this standard requires proof of *causation, i.e.* that the individual defendant actually caused the Plaintiff's injury through his *own conduct*." *Volk v. Coler*, 638 F. Supp. 1540, 1547 (C.D. Ill. July 8, 1986) (emphasis in original). The burden is on the plaintiff to establish personal involvement through pleadings and evidence. *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989).

Section 1983 does *not* create vicarious liability. Rather, "[t]o be held liable under 42 U.S.C. § 1983, a supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Knox*, 2003 WL 21148973, at *10 (citation and internal quotations omitted). The Seventh Circuit has noted that "mere familiarity with [a] plaintiff's situation [does] not support a finding of personal involvement." *De La Paz v. Peters*, 959 F. Supp. 909, 913 (N.D. Ill. 1997) (citing *Crowder v. Lash*, 687 F.2d 996, 1005-06 (7th Cir. 1982)). If such familiarity supported liability under Section 1983, the result would be "to hold any well informed [administrator] personally liable for damages flowing from any constitutional violation occurring at any jail within that [administrator's] jurisdiction . . . . [S]uch a broad theory of liability is inconsistent with the personal responsibility requirement for assessing damages against public officials in a section 1983 action." *Id.* at 914.

Here, Plaintiff claims that, while he was incarcerated at Dixon, he was housed in two housing units that Plaintiff alleges failed to accommodate his blindness: Unit 44 and Unit 66. With regard to Plaintiff's placement in Unit 44, and Plaintiff's alleged attempts to transfer out of that housing unit, Plaintiff does not allege any personal involvement by Varga whatsoever. (Dkt. No. 39 at ¶¶ 21-33.) With regard to Plaintiff's placement in Unit 66, Plaintiff alleges—without any basis or support—that he "assumed this meant Warden Varga transferred him to Unit 66." (*Id.* at ¶ 31.) Additionally, Plaintiff alleges that he "complained" to Defendant Varga "that he

was legally blind and had difficulty walking up and down the stairs," but that "Warden Varga did not take any action to rectify the dangerous situation before Mr. Hogue fell down the stairs." (*Id.* at ¶ 38.) However, Plaintiff's allegations are insufficient and do not state a claim against Varga with any specificity. Plaintiff never alleges how he "complained" to Varga or how he allegedly made Varga aware of his situation. More important, Plaintiff never alleges when he interacted with Varga. In his Complaint, Plaintiff admits that he was moved from Unit 66 to Unit 38, where he "was housed on a flat floor with his own room" and "had his meals delivered to his unit." (*Id.* at ¶ 47.) Because Plaintiff fails to allege when he complained to Varga, how he was transferred out of Unit 66, or why he was transferred out of Unit 66, Plaintiff's allegations that Varga "did nothing" and was not involved in the transfer are conclusory.

Moreover—even accepting Plaintiff's conclusory allegations as true—the fact that Varga was "aware" of Plaintiff's circumstances does not mean that he acted with deliberate indifference. The Complaint in no way alleges that Varga "facilitate[d]," approve[d]" "condone[d]," or "turn[ed] a blind eye" to Plaintiff's circumstances. *See Knox*, 2003 WL 21148973, at *10. At best, Plaintiff's allegations establish no more than Varga's "mere familiarity" with Plaintiff's situation, which does "not support a finding of personal involvement" to support a cause of action under Section 1983. *See De La Paz*, 959 F. Supp. at 913 (citing *Crowder*, 687 F.2d at 1005-06). In essence, because Varga was warden of Dixon, Plaintiff improperly seeks to hold Varga liable under a theory of *respondeat superior*, which is inapplicable to Section 1983 actions. *Id.* at 914 (recognizing "the well established rule that the doctrine of *respondeat superior* does not apply to § 1983 actions, and therefore supervisors cannot be held vicariously liable for the acts of others"). To hold Varga personally liable under the circumstances would be "to hold any well informed [administrator] personally liable for

7

damages flowing from any constitutional violation occurring at any jail within that [administrator's] jurisdiction." *Id.* Accordingly, Plaintiff has failed to state a claim against Varga for personal liability under 42 U.S.C. § 1983.

## CONCLUSION

WHEREFORE, Defendant John Varga respectfully requests that this Honorable Court enter an order dismissing Plaintiff's Second Amended Complaint against him, with prejudice, and for any other relief that the Court deems just under the circumstances.

Dated: June 25, 2020

Respectfully Submitted,

KWAME RAOUL
Attorney General for Illinois

*/s/ Maebetty Kirby*
Maebetty Kirby
Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-4324
MKirby@atg.state.il.us

*Counsel for Defendants Varga and IDOC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on June 25, 2020, she electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

*/s/ Maebetty Kirby*
Maebetty Kirby
Assistant Attorney General
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-4324
MKirby@atg.state.il.us

*Counsel for Defendants Varga and IDOC*